Irina Roller (IR 0177)
Attorney for Plaintiffs
Law Offices of Irina Roller, PLLC
40 Wall Street
New York, NY 10005
(212) 688-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————x

K.T.L. individually and on behalf of her child L.J., a minor,

                   Plaintiffs,             24-cv-_____(___)(___)

   -against -                           **COMPLAINT**

NEW YORK CITY DEPARTMENT OF EDUCATION,

                   Defendant.

————————————————————————————x

Plaintiffs, K.T.L. individually and on behalf of her child, L.J., a minor, by their attorneys, Law Offices of Irina Roller, PLLC as and for their Complaint against defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION, allege and state the following:

1. At all relevant times, Plaintiff L.J. is a minor child with a disability. At all relevant times plaintiffs reside within New York City, who are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400, et seq.; the federal regulations governing the IDEIA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

2. At all relevant times, all plaintiffs and/or defendant have resided and/or continue to reside within the City and/or County of New York.

3. Plaintiffs, though known to defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided by the IDEIA, as well as in

1

the Family Education Rights Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99. Upon the request of this Court, plaintiffs are prepared to disclose plaintiffs' identities *in camera*.

4. Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York and is the "local educational agency" charged with the obligation to provide minor plaintiff herein with a free and appropriate public education ("FAPE").

## NATURE OF THE ACTION

5. This action is filed pursuant to the IDEIA, 20 U.S.C. § 1415, and follows two trials on behalf of the plaintiffs that resulted in two decisions issued by two Impartial Hearing Officers ("IHO"), both on the merits in plaintiffs' favor.

6. This action is filed to secure statutory attorneys' fees and costs that plaintiffs should be awarded in this fee application action, and in the underlying proceedings, as the plaintiffs are the "prevailing party" pursuant to the express fee-shifting provisions of the IDEIA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367 without regard to the amount in controversy. Venue is proper in that plaintiffs and defendant reside in or are situated within this judicial district.

## FACTUAL BACKGROUND

8. Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.

9. On or about September 27, 2021, plaintiffs, K.T.L. individually and on behalf of her child L.J., a minor, initiated a due process proceeding against defendant, case no. 223214, to obtain

an order directing defendant to issue tuition reimbursement and/or direct funding for L.J.'s enrollment at the Windward School for the summer of 2021 program, enrollment at the Windward School during the 2021-22 school year, to issue reimbursement for all necessary evaluations, to provide special education transportation, to issue reimbursement for special education transportation costs incurred, based upon defendant's failure to provide L.J. with a FAPE for 2020-21 and the 2021-2022 school years.

10. Following a trial, Impartial Hearing Officer Dora M. Lassinger, Esq. issued an 18-page Findings of Fact and Decision dated May 11, 2022 in case no. 223214, based upon an analysis of the three-prong "Burlington-Carter" test in which the IHO found:

a.  Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education to L.J. for the 2020-21 and 2021-22 school years.

b.  Plaintiffs satisfied Prong II by demonstrating that the Windward School was at all relevant times an appropriate school placement for L.J. for the 2020-21, 2021 summer program and 2021-22 school years.

c.  Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full tuition reimbursement.

11.  IHO Lassinger's Findings of Fact and Decision dated May 11, 2022, directed defendant to issue tuition reimbursement half of the cost of the 2021 summer program as compensatory education, to issue tuition reimbursement for the 2021-22 school year for L.J.'s enrollment at the Windward School, to issue reimbursement for the cost of transportation costs incurred during the 2021 summer program enrollment, to issue reimbursement for the cost of the two evaluations, a neuropsychological evaluation and an auditory and language processing evaluation.

12. On or about September 5, 2022, plaintiffs, K.T.L. individually and on behalf of her child L.J., a minor, initiated a due process proceeding against defendant, case no. 231574, to obtain

an order directing tuition reimbursement for L.J.'s enrollment at the Dwight School with Quest and reimbursement for evaluations, and for any related costs incurred and costs and fees based upon defendant's failure to provide L.J. with a FAPE for the 2022-23 school year.

13. Following a trial, Impartial Hearing Officer Sharyn Finkelstein, Esq. issued a 16-page Findings of Fact and Decision dated November 4, 2023 in case no. 231574, based upon an analysis of the three-prong "Burlington-Carter" test in which the IHO found:

    a. Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education to L.J. for the 2022-23 school year.

    b. Plaintiffs satisfied Prong II by demonstrating that the Dwight School with Quest was at all relevant times an appropriate school placement for L.J. for the 2022-23 school year.

    c. Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

14. IHO Finkelstein's Findings of Fact and Decision dated November 4, 2023, directed defendant to issue tuition reimbursement L.J.'s enrollment at the Dwight School with Quest for the 2022-23 school year.

15. As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 223214.

16. As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 231574.

17. Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the trial related to the student's education for the 2020-21, 2021 summer program, 2021-22 and 2022-23 school years.

18. Plaintiffs are also entitled to an award of attorney's fees and cost related to filing costs

4

and disbursements associated with this action.

## PROCEDURAL REQUIREMENTS

19. Plaintiffs repeat, reiterate and reaffirm each and every allegation set forth above as if fully set forth herein.

20. Plaintiffs have exhausted their administrative remedies, as attorney's fees and related costs may not be recovered at the administrative level and must be adjudicated and determined by the federal court, absent an agreement by the parties.

21. This action on behalf of all plaintiffs is timely brought based on the applicable statute of limitations.

22. This action on behalf of all plaintiffs is timely brought based on the applicable statute of limitations.

23. As a consequence of the favorable, un-appealed administrative decision, referenced above, all plaintiffs qualify as "prevailing parties" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

24. Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.

## RELIEF REQUESTED

**WHEREFORE,** by reason of the foregoing, this Court should: (a) declare plaintiffs to be the prevailing party; (b) fix and award plaintiffs' statutory attorney's fees and related costs and disbursements from the two administrative proceedings; (c) award plaintiffs the attorney's fees and related filing costs and disbursements associated with this action; and (d) award plaintiffs such

other and further relief as this Court deems fair and just.

Dated:  New York, New York
        April 8, 2024

                        Respectfully submitted,
                        __s/Irina Roller_____
                        Irina Roller (IR 0177)
                        Law Offices of Irina Roller, PLLC
                        *Attorney for Plaintiffs*
                        40 Wall Street
                        New York, NY 10005
                        Phone: (212) 688-1100
                        Email: *Hearings@RollerEsq.com*